# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>ROY ELAZEGUI,<br><br>              Defendant. | Case No. 26CR904-DMS<br><br>**PROTECTIVE ORDER** |

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure pertaining to pretrial discovery, and to prevent premature disclosure of evidence to other targets, subjects, and witnesses of ongoing investigations,

IT IS HEREBY ORDERED that discovery materials in the above-captioned matter subject to this Order shall be marked "Subject to Protective Order";

IT IS FURTHER ORDERED that Defendant, his counsel of record, and counsel's assistants, as hereafter defined, shall not disclose the substance of any protected discovery material received from the United States to any third party, unless such material is already a matter of public record, without prior approval of this Court;

IT IS FURTHER ORDERED that the United States Attorney and the Assistant United States Attorneys assigned to this case (hereafter collectively referred to as "the United States") and their assistants, Defendant, and Defendant's counsel and assistants, shall not disclose the substance of any protected discovery material produced to Defendant or obtained by the United States from Defendant, unless such material is already a matter

of public record, to representatives of the media or other third parties not involved in the investigation or prosecution of the case;

To the extent that any of the discovery materials contain any individual's personal information within the meaning of General Order 514, IT IS FURTHER ORDERED that the parties shall redact any filings referencing or containing said materials in a manner consistent with General Order 514;

Nothing contained herein shall prevent the United States, or Defendant or his counsel, from disclosing such discovery material to any other attorneys working for the United States, Defendant or his counsel, government agents (federal, state or local), private investigators, experts, secretaries, law clerks, paralegals, or any other person who is working for the United States or Defendant and his counsel (collectively referred to as "assistants") in the investigation or preparation of this case or, with respect to the United States and its assistants only, in other criminal investigations, without prior court order;

Nothing contained herein shall preclude the United States, Defendant or his counsel, or their respective assistants from conducting an investigation of the facts of this case on behalf of the United States or Defendant, or with respect to the United States and its assistants only, from conducting an investigation of other criminal activity, including interviewing witnesses disclosed by discovery materials, or from taking statements from witnesses disclosed by discovery materials, or from asking witnesses if they themselves have made prior statements to the United States that are disclosed in the discovery materials, and about the contents of such statements. In connection with any such investigation, it shall not be necessary that the United States, Defendant or his counsel, or their respective assistants, obtain prior permission of this Court;

Should Defendant's counsel withdraw or be disqualified from participation in this case, any material received, and any copies derived therefrom, shall be returned to the United States within ten days or, if agreed to by the parties, to replacement counsel; and

26CR904-DMS

Defense counsel shall communicate the substance of this order and explain it to Defendant and counsel's assistants before disclosing the substance of the discovery to Defendant or counsel's assistants.

**IT IS SO ORDERED.**

Dated:  April 9, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

26CR904-DMS